(94 South. 493)

## WESTERN UNION TELEGRAPH CO. v. H. & L. M. WARTEN COTTON CO.
### (8 Div. 483.)

(Supreme Court of Alabama. Nov. 16, 1922.)

**Telegraphs and telephones ⬤⇒54(7)—Limitation of liability filed with Interstate Commerce Commission binding without notice.**

Under the Interstate Commerce Act, as amended in 1910, giving the Interstate Commerce Commission jurisdiction over interstate telegraph companies, rules on the message forms, filed together with the schedule of rates with the commission, limiting the liability for mistakes or delays in the transmission or delivery of unrepeated telegrams, have the force and effect of law, whether known to the parties or not, and though otherwise not incorporated in the contract for telegraphic services.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by the H. and L. M. Warten Cotton Company against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Action in tort, instituted by L. M. Warten and J. L. Robinson, a firm doing business as "H. & L. M. Warten Cotton Company," against the Western Union Telegraph Company corporation, for negligent delay in the transmission and delivery of the following "unrepeated" telegraphic message dated Troy, Ala., signed "Jake" (Chaffin), and addressed to the Cotton Company at Albany, Ala.:

"Offer one hundred twenty-nine half, other buyers not anxious to sell."

The allusion is to bales of cotton (100) and to the price thereof per pound.

The defendant interposed special pleas 3, 4, and 5. Plaintiff's demurrers to them were sustained. In these pleas the interstate character of the message was expressly averred; the customary routing of messages so sent being alleged to have been through Atlanta, Ga., and Chattanooga, Tenn., to Albany, Ala. These pleas aver the assumption of federal control over such interstate telegraph agencies under the 1910 amendment (36 Stat. 539) to the Interstate Commerce Act; and the filing therewith by this company of the classifications of messages, of the respective rates therefor, of the form for messages, and of regulations governing the service so offered the public. It also appears from the pleas that the restrictive provisions to be summarized were not upon the forms for messages on which this message was written by Chaffin, the person delivering it to the defendant's agent at Troy.

In plea 3 it is averred, among other things, that this was a message of the class called unrepeated; that the charge for its transmission was paid at the rate for such messages fixed in the schedule of file with the Interstate Commerce Commission; that the message form therewith of file bore these provisions:

"Rule 1. Messages to be on message forms and dated from the place where filed with this company.

"(a) Each message for transmission shall be written upon the form provided by the company for that purpose, or shall be attached to such form by the sender or his agent, so as to leave the printed heading in full view above the message.

"Send the following telegram subject to the terms on back hereof, which are hereby agreed to."

"All telegrams taken by this company are subject to the following terms:

"To guard against mistakes or delays, the sender of a telegram should order it repeated, that is, telegraphed back to the originating office for comparison. For this, one-half the unrepeated telegram rate is charged in addition. Unless otherwise indicated on its face, this is an unrepeated telegram and is paid for as such in consideration whereof it is agreed between the sender of the telegram and this company as follows: The company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated telegram, beyond fifty times the sum received for sending the same, unless specially valued; nor in any case for delays arising from unavoidable interruption of the working of its lines; nor for errors in cipher or obscure telegrams."

In plea 4, among other things, the first two of the above-quoted paragraphs are reiterated, and there are added the following provisions embraced in the message form on file with the Interstate Commerce Commission:

"All telegrams taken by this company are subject to the following terms:

"In any event the company shall not be liable for damages for any mistakes or delays in the transmission or delivery or for the nondelivery of this telegram, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this telegram is hereby valued, unless a greater value is stated in writing hereon at the time the telegram is offered to the company for transmission and an additional sum paid or agreed to be paid based on said value, equal to one-tenth of one per cent. thereof."

Among other allegations, plea 5 contains the following:

"Defendant avers that by the defendant's established rule and regulation as the same was in effect on the date of the message sued on herein, and as the same was on said date filed with the Interstate Commerce Commission, it was provided as follows:

"Rule 1. Messages to be on message forms·

and dated from the place where filed with this company.

"(a) Each message for transmission shall be written upon the form provided by the company for that purpose, or shall be attached to such form by the sender or his agent so as to leave the printed heading in full view above the message."

"Defendant further avers that the form provided by the defendant upon which messages accepted for transmission and delivery by defendant were to be written was on file with the Interstate Commerce Commission on the date of the message sued on herein. Defendant avers that on the face of said form appeared the following printed words:

" 'Send the following telegram subject to the terms on back hereof, which are hereby agreed to.'

"And defendant avers that on the back of said form appeared the following provisions, among others:

" 'All telegrams taken by this company are subject to the following terms:

" '6. The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the telegram is filed with the company for transmission.'

"Defendant avers that no claim was presented in writing to this defendant within sixty days after the telegram sued on was filed with this defendant for transmission."

The chief proposition of the demurrers to these pleas was that they did not aver that the material stipulations asserted therein were known to the parties, or either of them, concerned with this message, or that such stipulations were borne by the form of message furnished by the defendant, used in this instance, and accepted by the defendant on this occasion. It was also objected by the demurrers that the facts of filing, etc., averred in these pleas were but conclusions of the pleader. There is no ground of demurrer to pleas 3 and 4 questioning their sufficiency as presenting matter in bar of a recovery, whereas they only purport to assert matter directed to partial diminution of the measure of recoverable damages, if, of course, the plaintiffs were otherwise shown to be entitled to recover. There was judgment for plaintiffs for $437.50.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and Eyster & Eyster, of Albany, for appellant.

The transmission of a message through two states is interstate commerce as a matter of fact. 254 U. S. 17, 41 Sup. Ct. 11, 65 L. Ed. 104; 205 Ala. 115, 87 South. 858; 198 Ala. 682, 73 South. 973; 200 Ala. 65, 75 South. 393; 105 U. S. 460, 26 L. Ed. 1067; 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. 118; 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281; 220 U. S. 364, 31 Sup. Ct. 399, 55 L. Ed. 498. The rates, classifications, and conditions limiting liability, on file with the Interstate Commerce Commission, were binding on plaintiff, regardless of his knowledge of or assent thereto. 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910; 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; 237 U. S. 94, 35 Sup. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665; 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593; 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 653; 231 Fed. 405, 145 C. C. A. 399.

S. A. Lynne, of Decatur, for appellee.

Brief of counsel did not reach Reporter.

McCLELLAN, J. This case was tried before the pronouncement of the Supreme Court in Western Union Telegraph Co. v. Esteve Bros. & Co. (decided June 21, 1921) 256 U. S. 566, 41 Sup. Ct. 584, 65 L. Ed. 1094. This deliverance, along with that of Gardner v. W. U. Tel. Co., 231 Fed. 405, 145 C. C. A. 399, to review and revise which certiorari was denied by the Supreme Court, 243 U. S. 644, 645, 37 Sup. Ct. 405, 61 L. Ed. 944, requires the conclusion that the court erred in giving effect to view expressed by the demurrers to pleas 3, 4, and 5. It is unnecessary to repeat the considerations stated in those decisions, inducing the conclusion that such matters as these pleas assert have the force and effect of law, and whether known to the parties or not, and though otherwise not incorporated in the contract for telegraphic service, impose their rule upon the rights of the parties, and restrict them accordingly; this to the end that the uniformity, the nondiscrimination the acts of Congress contemplate may be effectually assured.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.